IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. WARNER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 07 C 1164 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2004, Anthony Warner pled guilty to a charge of bank robbery. The Court found Warner to be a career offender within the meaning of Sentencing Guidelines section 4B1.1 and sentenced him to 151 months in prison, the low end of the applicable Guideline range. Warner has filed a *pro se* motion pursuant to 28 U.S.C. §2255 challenging his conviction and sentence. For the following reasons, the Court denies Warner's motion.

### Facts

The Court takes the facts of this case from Warner's plea declaration and the government's summary of the evidence against Warner presented at his May 31, 2005 sentencing.

On the morning of March 19, 2004, Warner robbed the LaSalle Bank branch located at 7310 W. Dempster in Morton Grove, Illinois. Warner entered the bank, jumped over the counter holding a carpenter's knife, and announced, "This is a robbery."

He then asked a teller, "Where is the reserve?" Warner then took United States currency from a vault and three teller drawers, placed it in a bag, and left the bank. He escaped with over $31,000 in currency.

After Warner left the bank, he climbed into his vehicle and drove off. When the police were notified, they identified Warner's car and attempted to pull him over. Upon seeing the police vehicle, Warner accelerated and led officers on a high speed chase for three miles in residential Morton Grove. After driving down a dead-end street, Warner exited the vehicle and attempted to flee on foot but was apprehended.

On that same date, March 19, 2004, a complaint was filed in the Northern District of Illinois charging Warner with bank robbery. On April 14, 2004, a one count indictment was returned charging Warner with bank robbery. On April 21, 2004, Warner appeared before the Court for an arraignment hearing and entered a plea of not guilty.

On September 22, 2004, a superseding indictment was returned, specifying certain Sentencing Guideline enhancements that the government contended should apply. On October 5, 2004, Warner entered a plea of not guilty to the superseding indictment. On October 26, 2004, Warner withdrew his previously entered plea of not guilty and pled guilty to the superseding indictment.

Before sentencing, Warner was examined by Dr. Bernard Rubin, a psychiatrist, at the request of Warner's counsel. Dr. Rubin submitted a report containing findings that Warner suffered from acute stress disorder and a moderate to serious impairment of "global functioning." On May 31, 2005, the Court sentenced Warner to 151 months imprisonment after concluding that he was a career offender. *See* U.S.S.G. § 4B1.1. On June 9, 2005, Warner's counsel filed a motion to reconsider the sentence, which the

Court denied.

Warner filed a timely notice of appeal on June 15, 2005. On March 30, 2006, the Seventh Circuit allowed Warner's appellate counsel to withdraw from the case pursuant to *Anders v. California,* 386 U.S. 738 (1967), because counsel could not identify a non-frivolous issue. The Seventh Circuit allowed Warner to proceed *pro se* but did not find any potential non-frivolous appellate issues and dismissed his appeal. *United States v. Warner*, Case No. 05-2770, 175 Fed. Appx. 52, 53 (7th Cir. Mar. 30, 2006). On April 11, 2006, Warner filed a petition for rehearing with the Seventh Circuit. On April 12, 2006, the Court denied the petition. On February 28, 2007, Warner filed the present section 2255 motion.

## Discussion

Warner asserts several claims, which fall into two categories: the Court should have departed downward from the Guidelines sentencing range due to coercion and duress pursuant to Sentencing Guidelines section 5K2.12, and Warner was denied effective assistance of counsel at sentencing as guaranteed by the Sixth Amendment. The government argues that Warner's claims in the first category are procedurally barred because challenges to the Guidelines' application can be raised only on direct appeal and cannot be maintained in a section 2255 motion. The government also argues that the Court should deny those claims on the merits, because it considered and rejected the claim of duress and coercion and the Seventh Circuit found Warner's potential arguments on appeal to be frivolous. On the claim of effective assistance of counsel, the government argues on the merits that Warner's counsel was not constitutionally ineffective. Before addressing the merits, the Court will consider the procedural

3

challenges to Warner's motion.

1.  **Duress and coercion**

The government argues that Warner's claims regarding application of the Sentencing Guidelines are procedurally barred. The Court agrees. For Warner to obtain relief under section 2255, he must show that there was "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal quotation omitted). A claim that the Court should have given the defendant a lower sentence under the Guidelines, however, is not cognizable under section 2255. *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). The Seventh Circuit has held that "the Guidelines are not 'laws' for purposes of § 2255." *Taylor v. Gilkey*, 314 F.3d 832, 833 (7th Cir. 2002). In short, claims regarding erroneous applications of the sentencing guidelines "are not reviewable under § 2255." *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001).

In addition, Warner cannot raise in a section 2255 motion an issue that he could have raised on direct appeal but did not. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds*, *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994). Though an appellate court, at least in the days before *United States v. Booker*, 543 U.S. 220 (2005), lacked jurisdiction to review a district court's refusal to depart downward from the Guidelines, it could consider a sentencing judge's refusal to depart if it "rest[ed] on an erroneous legal conclusion that the court lacked authority to do so." *United States v. Brown*, 14 F.3d 337, 340 (7th Cir. 1994) (citing *United States v. Poff*, 926 F.2d 588, 590-91 (7th Cir. 1991)). In his section 2255 motion, Warner claims,

among other things, that "[t]he District Court Judge erroneously concluded that he lacked the authority to depart downward." Motion at 3. This argument was available to Warner on appeal.

The Court would reject Warner's duress and coercion claim on its merits even if it were cognizable in this proceeding. Contrary to Warner's contention that the Court concluded that it lacked the authority to depart downward under section 5K2.12, the Court considered Warner's claim of duress and coercion and found it lacking on the merits. The Court was fully aware of its authority to depart downward, and the sentencing transcript does not suggest otherwise. Rather, the Court considered Dr. Rubin's report as well as the claim of duress and coercion and rejected this as a basis to decrease Warner's sentence for reasons that the Court explained fully at the sentencing hearing.

**2.     Effective assistance of counsel**

Warner alleges two instances of ineffective assistance of counsel that relate to sentencing: first, his attorney failed to subpoena Dr. Rubin to testify at the sentencing hearing, allegedly weakening Warner's coercion and duress argument; and second, his attorney did not sufficiently argue coercion and duress as mitigating factors at sentencing. Motion at 7-8. To prevail on a claim of ineffective assistance of counsel, Warner must show that "counsel's representation fell below an objective standard of reasonableness" and "any deficiencies in counsel's performance [were] prejudicial to the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984).

Warner has failed to show that his counsel's assistance fell below an objective standard of reasonableness. *See id.* at 687-88. Courts deferentially review defense

counsel's performance, presuming reasonable judgment unless the factual record rebuts such a presumption. *Id.* at 689.

As Warner notes, "counsel made a strategic decision to present a possible defense pursuant to U.S.S.G. § 5K2.12, Coercion or Duress." Motion at 6. Counsel presented this argument both in his written sentencing memorandum and orally at sentencing. Warner's counsel did a more than adequate job of presenting the appropriate evidence and arguments.

The fact that Warner's counsel presented the points succinctly at the in-court hearing does not suggest that his performance fell below an objective standard of reasonableness, particularly in view of the fact that he had presented the issue thoroughly in his sentencing memorandum. The case law Warner cites does not suggest otherwise. Motion at 9. Warner's cited cases, *Matheney v. Anderson*, 253 F.3d 1025 (7th Cir. 2001) and *Brown v. Sternes*, 304 F.3d 677, 692 (7th Cir. 2002), stand for the proposition that counsel must investigate the defendant's mental history and bring it to the trial court's attention. Warner's counsel did this, and did it adequately.

Further, as *Matheney* indicates, albeit in the context of a death penalty case, once a trial court has rejected a psychiatrist's analysis as a mitigating factor, counsel's failure to call the psychiatrist to testify at the penalty phase does not constitute ineffective assistance. *Matheney*, 253 F.3d at 1027. Warner has offered no basis to believe that the Court would have done anything differently had Dr. Rubin appeared in person at the sentencing hearing.

For these reasons, Warner has failed to show that his counsel's performance was deficient, let alone that it prejudiced Warner in any way.

**Conclusion**

For the reasons stated above, the Court grants the United States' motion to dismiss [docket no. 8] and denies Warner's section 2255 motion. The Clerk is directed to enter judgment in favor of the United States.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 21, 2007